advance of his deposition, Dr. Afield has demanded, consistent with his fee schedule, to be paid at the rate of $900 per hour, for a total advance payment of $1,800. Defendants have responded to Dr. Afield's demand by claiming that this hourly rate is unreasonable and by tendering to him the total sum of $1,000, based on an hourly rate of $500 per hour. Defendants through their motion now invoke the provisions of Rule 26(b)(4)(c), Federal Rules of Civil Procedure, and request that this Court set a reasonable fee to be paid to Dr. Afield, which they contend should be $500 per hour.

Rule 26(b)(4)(c) provides in pertinent part that "[u]nless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert witness a reasonable fee for time spent in responding to discovery under this subdivision[.]" Most courts recognize the dearth of authority as to the meaning of the term "reasonable fee" under this rule. See Goldwater v. Postmaster General of the United States, 136 F.R.D. 337, 339 (D. Conn. 1991) (and cases cited).

The Goldwater court, however, took it upon itself to promulgate certain factors to be considered in determining whether a particular fee request was reasonable within the meaning of the rule: "(1) the witness's area or expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." Id. at 340. Other courts have recognized two additional factors: the fee being charged to the party who retained the expert and the fees traditionally charged by the expert on related matters. See New York v.