UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE M. TERRI,

    Plaintiff,

v.                                                      CASE NO: 8:05-cv-2083-T-26TBM

BALLYHOO GRILL, INC., and
BALLYHOO GRILL INTERNATIONAL, INC.,

    Defendants.
_____/

## O R D E R

Before the Court is Defendants' Motion for Summary Judgment, Statement of Undisputed Facts, and various affidavits, depositions and other exhibits. (Dkt. 24-29). After careful consideration of the Motion and the Defendants' submissions, the Court concludes that a response is unnecessary and the Motion should be denied.

Defendants seek summary judgment on four grounds: (1) failure to exhaust administrative remedies before filing Florida Civil Rights claim; (2) failure to prove prima facie case of sexual harassment because conduct was not sufficiently severe or pervasive to alter terms or conditions of her employment; (3) failure to prove prima facie case of sexual harassment because the harassing conduct did not interfere with her job; and (4) failure to establish prima facie case of retaliation because proffered reason for discharge is not pretextual. With respect to the allegation that Plaintiff failed to exhaust her administrative remedies, counsel for Defendants conveniently ignores that this Court

permitted amendment of the Complaint to add a claim under the Florida Civil Rights Act. See Order dated April 12, 2006, at docket 12. Plaintiff filed the Amended Complaint pursuant to the Order beyond 180 days, on April 17, 2006, which comports with applicable law. Hence, summary judgment must be denied on this point.

As to the grounds regarding failure to prove a prima facie case of sexual harassment, the Court finds that, assuming the incidents set forth in the Motion are true, these circumstances would not automatically warrant entry of summary judgment for Defendants. Additionally, assuming Plaintiff was terminated, which Defendants do for purposes of this summary judgment, such termination could constitute interference with her job performance. In the case cited by Defendants, Bryant v. School Bd. of Miami Dade County, 142 Fed. Appx. 382 (11th Cir. 2005), the plaintiff apparently did not lose her job. With respect to the last ground— that the proffered reason for discharge was not pretextual — the Court finds that, even assuming the facts asserted by Defendants as true, summary judgment would not be granted in its favor.

It is therefore **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment (Dkt. 24) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, on October 3, 2006.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**: Counsel of Record